NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

HANNAH C., *Appellant,*

*v.*

ANGEL C., L.C., M.C., J.C., *Appellees.*

No. 1 CA-JV 22-0096
FILED 9-29-2022

Appeal from the Superior Court in Yavapai County
No.  P1300SV202100029
The Honorable Anna C. Young, Judge

**AFFIRMED**

COUNSEL

Robert D. Rosanelli Attorney at Law, Phoenix
By Robert D. Rosanelli
*Counsel for Appellant*

Law Office of Florence M. Bruemmer PC, Anthem
By Florence M. Bruemmer
*Counsel for Appellee Angel C.*

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Peter B. Swann joined.

**P A T O N**, Judge:

¶1        Hannah C. ("Mother") appeals the superior court's judgment terminating her parental rights to her minor children based on improper service.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Mother and Angel C. ("Father") were previously married and have three children together.  Mother and Father divorced in 2015, and, in 2018, the superior court awarded Father sole legal decision-making authority over the children.  The court further ordered that Mother was not entitled to parenting time until she completed reunification services, but Mother failed to engage in those services.  In September 2021, Father petitioned the superior court to terminate Mother's parental rights under Arizona Revised Statutes ("A.R.S.") § 8-533(B)(1) (abandonment) and -533(B)(3) (chronic abuse of alcohol or dangerous drugs).

¶3        The court set the initial hearing on Father's petition for October 2021.  Father was required to serve Mother with notice of the hearing, informing her (1) of the date, location, and time of the hearing, (2) that the hearing may proceed in her absence, possibly resulting in termination of her parental rights and (3) that failure to appear at the hearing may be deemed an admission of the allegations in the petition. *See* Ariz. R. P. Juv. Ct. 351(c), (d)(1)(A) (formerly cited as Ariz. R. P. Juv. Ct. 64).

¶4        A few weeks before the scheduled termination hearing, Father requested a continuance because he had been unable to serve Mother with notice of the proceedings.  The court granted Father's motion and continued the hearing to December 2021.

¶5        Meanwhile, Father served Mother by publication, avowing that was the best way to notify her of the termination hearing because she was evading his "significant efforts" to personally serve her.  Father's efforts included hiring a private investigator to perform a skip-trace to locate Mother, which showed Mother was living in Sacramento, California, and attempting to serve her eight times at that address.  Father published notice of the termination hearing in two newspapers: one in Sacramento, where Mother apparently lived, and one in Yavapai County, where the termination was pending.

¶6        Mother failed to appear at the initial termination hearing. The superior court accepted Father's affidavits, found Mother was properly served by publication, and that she failed to appear.  On its own motion,

the superior court continued the hearing to January 2022, stating it would feel "more comfortable" proceeding with the termination hearing if Mother had an additional opportunity to participate. The court ordered Father to both hang a notice of the continued hearing date on Mother's front gate and mail a copy of the notice to Mother's address.

**¶7**     Father complied with the court's order, but Mother nevertheless failed to appear at the continued termination hearing. The court found Mother's failure to appear was an admission of the allegations in the petition and proceeded with the termination hearing in her absence.

**¶8**     After hearing Father's testimony, and statements from the children and their attorney, the court terminated Mother's parental rights. The court found that Mother (1) abandoned the children and failed to maintain a normal parental relationship with them for over six months and (2) was unable to parent them due to alcohol and dangerous drug abuse likely to continue for a prolonged period based on Mother's past unsuccessful attempts at treatment. The court further found that severance was in the children's best interests because it would free them for adoption by their stepmother who had "functioned as [the children's] mother" for many years.

**¶9**     Four months after the court terminated her parental rights, Mother moved to extend the deadline to appeal the termination. The court granted Mother's motion, and Mother appealed. We have jurisdiction under A.R.S. §§ 8-235(A) and 12-2101(A)(1).

## DISCUSSION

**¶10**     Mother argues the court lacked jurisdiction over the proceedings and abused its discretion when it allowed service of process by publication because Father did not mail her notice of the petition and hearing until after service by publication had occurred. As relevant here, Arizona Rule of Procedure for the Juvenile Court 351(d)(1)(B)(i) mandates service in a termination case be conducted in compliance with Arizona Rules ("Rule") of Civil Procedure 4.2. Also as relevant here, Rule 4.2(f)(1) permits service by publication when the person subject to service lives outside of Arizona, intentionally avoided service of process, and service by publication is the best means practicable to provide notice of the pending case.

**¶11**     Indeed, Rule 4.2(f)(3) provides that "[i]f the serving party knows the address of the person being served, it must, on or before the date of first publication, mail to the person the summons and a copy of the

3

pleading being served."  And here, Father knew Mother's address but did not mail her a copy of the notice until after publication of the notice.  But any error was harmless and cured because when Mother failed to appear at the initial hearing after being served by publication, the court continued the hearing for an additional month to January 2022 and ordered Father to mail Mother a copy of the petition and notice of the hearing.  The court did not proceed with the termination hearing until Father (1) made eight attempts to have Mother personally served, (2) served Mother through publication, (3) hung a copy of the petition and notice of hearing on Mother's gate, and (4) mailed copies of the same to her home.  The copy of the petition and notice of hearing were hung on Mother's gate and mailed on December 10, 2021—one full month before the hearing.  Mother does not dispute that she lived at that address during the month of December 2021 or that she received either copy.  Accordingly, the superior court did not abuse its discretion by finding that Father complied with Rule 4.2(f) and that Mother was properly served with notice of the termination proceeding and hearings, and service was effectuated such that the court had jurisdiction over the proceedings.

**¶12**        Mother also argues for the first time on appeal that Father did not make diligent efforts to serve her with notice of the termination because he "knew of [her] Facebook account or could have found it easily," but failed to contact her through social media.  Mother, however, failed to move to set aside the termination for lack of service in the superior court.  Accordingly, the superior court did not have an opportunity to consider Mother's argument about her Facebook account, and we decline to consider this argument raised for the first time on appeal. *See Louis C. v. Dep't of Child Safety*, 237 Ariz. 484, 489, ¶ 20 (App. 2015) (citation omitted).

## CONCLUSION

**¶13**        We affirm.  We note that by failing to challenge the grounds for termination or the court's best interests findings, Mother has waived those arguments. *See Nelson v. Rice*, 198 Ariz. 563, 567, ¶ 11 n.3 (App. 2000) (a party's failure to raise an argument in its opening brief waives the issue).

